STATE of Tennessee

v.

Marquize BERRY

Supreme Court of Tennessee,
AT JACKSON.

NOVEMBER 16, 2015

## ORDER

PER CURIAM

This case is before the Court upon the application of the Defendant, Marquize Berry, under Rule 11 of the Tennessee Rules of Appellate Procedure. We have determined that the application should be summarily granted and a portion of the judgment of the Court of Criminal Appeals should be reversed for the reasons set forth below.

The Defendant was indicted on one count each of attempted first degree murder, aggravated assault, and employing a firearm during the commission of a dangerous felony. A jury subsequently convicted the Defendant of the lesser-included offense of attempted second degree murder on count one and convicted him as charged on counts two and three. The trial court sentenced the Defendant as a Range I standard offender to an effective sentence of sixteen years' incarceration. The record reflects that the trial court completed a uniform judgment document for each count. The judgment document for count one denotes the conviction for attempted second degree murder and the imposition of a ten-year sentence. The judgment document for count two denotes the conviction for aggravated assault and the imposition of a six-year sentence. In the box marked "Special Conditions," the trial court indicated that count two merged with count one. Finally, the judgment document for count three denotes the employing a firearm conviction and a six-year sentence, running consecutively to the ten-year sentence imposed on count one.

In his direct appeal, the Defendant challenged only the sufficiency of the evidence supporting his attempted second degree murder conviction. After reviewing the evidence, the Court of Criminal Appeals af-

firmed the Defendant's conviction of attempted second degree murder. State v. Berry, No. W2014–00785–CCA–R3–CD, 2015 WL 1278415, at *4 (Tenn. Crim. App. Mar. 18, 2015).

The Berry panel opined, however, that the judgment documents contained errors that "require correction." Id. Citing State v. Addison, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997), the panel explained that "because the [D]efendant's conviction of aggravated assault in count two must merge with his conviction for attempted second degree murder on count one, no judgment form was needed for count two." Id. As a result, the Berry panel vacated the judgment on count two and instructed the trial court to amend the judgment on count one to reflect that count two merged into count one.[1] Id.

Pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, the Defendant asked this Court to review the determination of the Court of Criminal Appeals that the evidence was sufficient to support his attempted second degree murder conviction. Having reviewed the record, we agree that the evidence was sufficient to support the conviction and find no basis for relief. We respectfully disagree, however, with the Berry panel's discussion regarding the completion of judgment forms for merged convictions. Although this issue was not raised in the Defendant's application, we take this opportunity to provide instruction to the bench and bar regarding the proper completion of uniform judgment documents in such instances.

It is well settled in Tennessee that, under certain circumstances, two convictions or dual guilty verdicts must merge into a single conviction to avoid double jeopardy implications. For example, merger is required when a jury returns verdicts of guilt on two offenses and one of the guilty verdicts is a lesser-included offense of the other offense. See, e.g., State v. Davis, 466 S.W.3d 49, 77 (Tenn. 2015) (holding that conviction on lesser-included offense of reckless homicide was properly merged into conviction on greater offense of second degree murder). Merger also is required when a jury returns guilty verdicts on two counts that represent alternative theories of the same offense. See, e.g., State v. Cribbs, 967 S.W.2d 773, 788 (Tenn. 1998) (discussing merger of guilty verdicts on counts of both first degree premeditated murder and first degree felony murder); State v. Cooper, 336 S.W.3d 522, 523–34 (Tenn. 2011) (modifying the judgments of conviction to merge separate guilty verdicts for DUI and DUI per se). In the instant case, the validity of these merger principles is not at issue.[2]

As the present case illustrates, however, our courts do not share a common understanding as to how a single "merged conviction" should be recorded on the resulting judgment document or documents. While some courts use separate judgment

---

1. The panel also instructed the trial court to enter an amended judgment relating to the "Violent 100%" designation in count three. Berry, 2015 WL 1278415, at *4. Because the January 1, 2015 revisions to the uniform judgment document resolved the issue that resulted in the panel's instruction, see id. at *5–6 (Page, J., concurring in part, dissenting in part), we do not address that issue.

2. The State has raised no issue regarding the propriety of the trial court's merger of the Defendant's aggravated assault conviction into his conviction of attempted second degree murder. Accordingly, we express no opinion regarding the substantive propriety of the merger. Cf. State v. Watkins, 362 S.W.3d 530, 556 (Tenn. 2012) (adopting the Blockburger test for determining whether multiple convictions offend double jeopardy); State v. Feaster, 466 S.W.3d 80, 87 (Tenn. 2015) (holding that Watkins may be applied retroactively).

forms for each verdict on each count, other courts use a single judgment form for the merged conviction. These opposing viewpoints emerged in the years following the release of Addison by the Court of Criminal Appeals. In Addison, the defendant's indictment charged him with first degree felony murder in count one and with first degree premeditated murder in count two. Addison, 973 S.W.2d at 265. After the jury returned guilty verdicts on both counts, the defendant argued that these dual findings violated double jeopardy principles. Id. at 266. The Court of Criminal Appeals rejected this argument, stating that "the jury verdict stands as a legitimate finding of fact and law which the trial court should preserve by merging the same offense counts into one judgment of conviction for first degree murder that notes the merger of counts with each other." Id. at 267.

The Addison holding frequently has been cited by the Court of Criminal Appeals as a basis to remand cases for correction of the judgments. See, e.g., State v. Calloway, No. M2011–00211–CCA–R3–CD, 2014 WL 1394653, at *29 (Tenn. Crim. App. Apr. 4, 2014) (remanding matter to trial court for entry of single judgment indicating merger of conviction of reckless aggravated assault into conviction of aggravated child neglect), perm. app. denied (Tenn. Sept. 25, 2014); State v. Henning, No. W2005–00269–CCA–R3–CD, 2007 WL 570553, at *4 (Tenn. Crim. App. Feb. 23, 2007) (remanding matter to trial court to vacate judgment of conviction of aggravated assault and to amend judgment of conviction of aggravated robbery to reflect merger of aggravated assault conviction); State v. Cartwright, No. M2003–00483–CCA–R3–CD, 2004 WL 1056064, at *5–6 (Tenn. Crim. App. May 10, 2004) (remand-ed for entry of a single judgment of conviction to indicate merged offenses).

The post-Addison decisions reveal that the lack of consensus in the lower courts centers on the meaning assigned to the phrase "single judgment of conviction." Those who advocate the use of one document for two merged convictions have concluded that a "single judgment of conviction" necessarily must be effectuated by a single judgment "document." We respectfully disagree.

In the context of criminal jury trials, many of our rules and related statutory provisions use the terms "judgment" and "judgment of conviction." For example, Tennessee Code Annotated section 40–20–101 provides generally that the trial court must "pronounce judgment" after a verdict. Tenn. Code Ann. § 40–20–101 (a) (2012). When a jury returns a guilty verdict, the trial court executes a document referred to as a "judgment of conviction" that must be entered by the clerk. See Tenn. R. Crim. P. 32(e)(1) (indicating in subdivision (e)(2) that the judgment of conviction must include the plea, the verdict, and the adjudication and sentence). When a jury returns a not guilty verdict (or when the defendant is otherwise entitled to be discharged), the trial court is nonetheless required to "enter judgment accordingly." Tenn. R. Crim. P. 32(e)(3) (including no details about the document to be used in such instances).

As part of the Tennessee Criminal Sentencing Reform Act of 1989, the legislature directed this Court to promulgate a "uniform judgment document" for use by our trial judges in each criminal case "resulting in a conviction." Tenn. Code Ann. § 40–35–209(f) (2014).[3] In response, this Court adopted Tennessee Supreme Court Rule 17 and created the uniform judgment

---

**3.** Subdivision (e)(1) contains the non-exclusive list of information to be included on the

uniform judgment document for each offense. Tenn. Code Ann. § 40–35–209(e)(1).

document which condenses dozens of statutory mandates into a comprehensive one-page document. As the face of the document reveals, a trial judge can record virtually every possible disposition in every count of a criminal case.[4] For charges resulting in a not guilty verdict or a dismissal, the trial court should "enter judgment accordingly" as to the respective count. Tenn. R. Crim. P. 32(e)(3). On the other hand, when a defendant is convicted either by jury verdict or plea in a given count and a sentence is imposed by the trial court, the uniform judgment document indeed becomes a judgment of conviction. Thus, the resulting uniform judgment document not only satisfies the directive of Tennessee Code Annotated section 40–35–209(f), but the document also incorporates the requirements contained in Tennessee Rule of Criminal Procedure 32(e)(1)–(3).[5]

■ In cases involving the merger of two jury verdicts, the uniform judgment document is equally as effective. Although the trial court is required to merge two jury verdicts of guilt into a single "judgment of conviction," the trial court nonetheless must record the jury's disposition in each of the counts. Accordingly, when two jury verdicts are merged into a single conviction, the trial court should complete a uniform judgment document *for each count.* The judgment document for the greater (or surviving) conviction should reflect the jury verdict on the greater count and the sentence imposed by the trial court. The judgment document for the lesser (or merged) conviction should reflect the jury verdict on the lesser count and the sentence imposed by the trial court. Additionally, the judgment document should indicate in the "Special Conditions" box that the conviction merges with the greater conviction. To avoid confusion, the merger also should be noted in the "Special Conditions" box on the uniform judgment document for the greater or surviving conviction.

■ This method aligns with the intended purpose of the uniform judgment document and reflects the long-held recognition that the guilty verdict in the lesser or alternative charge is not mere surplusage but remains a valid jury verdict of guilt that need not be "dismiss[ed], "vacat[ed]," "or stri[cken]." Addison, 973 S.W.2d at 267; see also State v. Soller, No. E2008–02420–CCA–R3–CD, 2010 WL 2301748, at *13 (Tenn. Crim. App. June 9, 2010) (indicating that the merged offense is not "extinguished"). Further, the use of two uniform judgment documents maintains the integrity of each of the jury's dual verdicts and accurately reflects the merger for purposes of appellate review and collateral challenges to the conviction. Significantly, if the conviction of the greater offense is later overturned, the conviction of the lesser offense remains intact. Cf. Cribbs, 967 S.W.2d at 788 (recognizing that a jury

---

4. Notably, the form contains spaces for both the case number and each count number in a criminal case, as well as boxes indicating "Dismissal/Nolle Prosequi" and "Not Guilty."

5. See Tenn. R. Crim. P. 32 advisory commission comment (indicating that subdivision (e) "deals with judgments" and advising counsel to be aware that Tennessee Supreme Court Rule 17 "provides for a Uniform Judgment Document"). We therefore reject the notion that the uniform judgment document was designed to reflect only judgments of

conviction. See, e.g., State v. Bradshaw, No. W2014–00175–CCA–R3–CD, 2015 WL 523688, at *8 n.2 (Tenn. Crim. App. Feb. 9, 2015) (J. Witt, concurring) (suggesting that the uniform judgment document promulgated pursuant to Tennessee Supreme Court Rule 17 contemplates the recordation of only judgments of conviction and that acquittals or dismissals could be memorialized if at all through a separate order prepared by the trial court), perm. App. denied (Tenn. May 18, 2015).

verdict of guilt cannot be reinstated on appeal after the trial court strikes it as "mere surplusage").

█ This possibility of reversal on appeal raises another issue not mentioned by the *Berry* panel. When the jury returns guilty verdicts on multiple offenses that eventually will be merged, the best practice is for the trial court to impose a sentence on each count and reflect the sentence on the respective uniform judgment document. Because the documents also reflect the merger, the sentence has no immediate effect. However, in the event the greater conviction is reversed on appeal, the parties and the trial court are spared the necessity of an additional sentencing hearing.

█ In the instant case, the trial court correctly reflected the merged conviction on two separate uniform judgment documents. Accordingly, we reverse that portion of the judgment of the Court of Criminal Appeals that instructs the trial court to vacate the uniform judgment order entered in the Defendant's aggravated assault conviction. The judgment is otherwise affirmed.

The Defendant in this case has been found indigent. Therefore, the costs of this appeal are taxed to the State of Tennessee.