FILED

11/01/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 19, 2018

## STATE OF TENNESSEE v. RICHARD LEE DIVINEY, SR.

**Appeal from the Circuit Court for Marshall County**
**No. 16-CR-183     Forest A. Durard, Jr., Judge**

_____

**No. M2017-01513-CCA-R3-CD**

_____

Defendant, Richard Lee Diviney, Sr., contends that his guilty plea should be set aside because the fee provision of Tennessee Code Annotated section 39-17-420(h)-(j) is unconstitutional and that the trial court erred by not "actually" applying a mitigating factor during sentencing. After a thorough review, we determine that Defendant's challenge to Tennessee Code Annotated section 39-17-420(h)-(j) was resolved by the Tennessee Supreme Court's holding in *State v. Decosimo*, 555 S.W.3d 494 (Tenn. 2018). Additionally, we hold that the trial court acted within its discretion when sentencing Defendant. Thus, we affirm the judgments of the trial court, but remand for entry of corrected judgments that properly indicate the merger of Counts Two and Three into Count One.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Matthew D. Wilson, Mississippi State, Mississippi, for the appellant, Richard Lee Diviney, Sr.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Robert J. Carter, District Attorney General; and Weakley E. Bernard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual and Procedural Background*

While Defendant was an inmate in the Marshall County jail, a search revealed two Lortab pills, one Xanax pill, and four Gabapentin pills in Defendant's jail cell.[1]  A Marshall County grand jury indicted Defendant for introduction of drugs into a penal facility in Count One; simple possession of Alprazolam (Xanax), a Schedule IV controlled substance, in Count Two; and simple possession of Hydrocodone (Lortab), a Schedule III controlled substance, in Count Three.  Defendant entered an open plea to the aforementioned charges, and a hearing was held to determine Defendant's sentence.

The facts which were put on the record at Defendant's guilty plea hearing were incorporated by reference into the sentencing hearing record.  The pre-sentencing report, which was considered by the trial court, indicated that Defendant had eighteen prior misdemeanor convictions and one prior felony and that Defendant had been unsuccessful at completing probation multiple times in the past.  The report also showed that Defendant was on probation for his conviction of attempt to hinder a secured creditor at the time of this offense, even though he was incarcerated because his probation had been revoked on a separate theft conviction.  After hearing arguments from the parties, the trial court applied enhancement factor (1), "The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range"; enhancement factor (8), "The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community"; and enhancement factor (13)(c), "At the time the felony was committed one (1) of the following classifications was applicable to the defendant: . . . [r]eleased on probation[.]"  *See* T.C.A. § 40-35-114(1), (8), (13)(c).  The trial court also applied mitigating factor (1), "The defendant's criminal conduct neither caused nor threatened serious bodily injury."  *See* T.C.A. § 40-35-113(1).  The trial court explained that he viewed each of Defendant's prior convictions as pushing him up the "ladder" within his sentencing range.  The trial court determined that a six-year sentence was appropriate, and after considering the requisite factors, the trial court did not find alternative sentencing to be appropriate.

During the sentencing hearing, the State proposed that Counts Two and Three should be merged into Count One and said that they were "not arguing for sentencing to be set on those."  In its oral ruling, the trial court explicitly said that Counts Two and Three merged into Count One.  At the end of the sentencing hearing, the trial court asked the State to draft the judgments.  The judgments entered in this case revealed that Defendant was sentenced to six years in Count One, which was to be served consecutively to the sentence in case number 16-CR-183, which is the case number for this case, and any other sentences.  The judgments for Counts Two and Three indicated that they merged with each other, but neither judgment form lists a sentence length for its respective count.  Also, none of the judgments in this case indicated that Counts Two and Three merged with Count One.

---

[1] A transcript of Defendant's plea hearing was not included in the appellate record.  We gleaned these facts from the general sessions court warrants and the pre-sentencing report.

After he was sentenced, Defendant timely appealed.

*Analysis*

*I. Constitutionality of the Drug Testing Statute*

Defendant pled guilty without preserving a certified question of law, and he does not now challenge the voluntariness of his plea. Rather, he contends that his convictions should be set aside because the fee provision of Tennessee Code Annotated section 39-17-420(h)-(j) (2017) violates due process principles and is, thereby, unconstitutional. Defendant's plea of guilty waived any constitutional defects in the testing that was done pursuant to Tennessee Code Annotated section 39-17-420. *See State v. Turner*, 919 S.W.2d 346, 354 (Tenn. Crim. App. 1995) (holding that any constitutional defect which occurred prior to the guilty plea is waived). Additionally, no transcript of the plea hearing is included in the appellate record, and the judgment forms do not indicate that Defendant was ordered to pay the fee; thus, we are unable to determine if the fee for the TBI tests on the drugs in this case were part of Defendant's plea.

More importantly, during the pendency of this appeal, our supreme court has addressed the issue of whether statutes granting a fee to the TBI when test results are used to obtain a conviction are constitutional. *See Decosimo*, 555 S.W.3d at 495-96. Because "any institutional financial incentive the [testing] fee statute creates is far too remote to constitute a possible temptation to any reasonable forensic scientist to manipulate or falsify test results to increase conviction rates and generate [testing] fees," our supreme court deemed a nearly identical statute granting fees for the testing of blood alcohol concentration to be constitutional. *Id*. at 514, 516. Given our supreme court's holding in *Decosimo*, it appears evident that no clear and unequivocal rule of law was breached, and Defendant would not be entitled to plain error relief. *See State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000).

*II. Sentencing*

Defendant also claims that the trial court erred by giving him the maximum sentence within his sentencing range. Specifically, Defendant contends that the trial court did not "actually" apply mitigating factor (1). The State counters by arguing that the trial court acted within its discretion. We agree with the State.

When a defendant challenges the length or manner of service of a within-range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and

principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). The defendant bears the burden of proving that the sentence is improper. T.C.A. § 40-35-101, Sentencing Comm'n Cmts.

In reaching its decision, the trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the defendant in his own behalf; and (8) the potential for rehabilitation or treatment. *See* T.C.A. § 40-35-102, -103, -210(b); *see also Bise*, 380 S.W.3d at 697-98. Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and also "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4).

This Court will uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. The weighing of various enhancement and mitigating factors is within the sound discretion of the trial court. *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). Appellate courts may not disturb the sentence even if we had preferred a different result. *See id.* at 346

Petitioner only challenges whether the trial court "actually" applied mitigating factor (1) during the calculation of his sentence. The trial court explicitly stated at the sentencing hearing that it applied mitigating factor (1). The balancing of this mitigating factor against the three enhancement factors that applied in this case was within the sound discretion of the trial court. Defendant's six-year sentence was a within the range for a Class C felony as set forth by Tennessee Code Annotated section 40-35-102(3). We will not disturb Defendant's sentence.

However, we must note one problem with the judgments in this case that became obvious during our review. At the sentencing hearing, the trial court found that Counts Two and Three merged into Count One, and we agree. However, this is not reflected in the judgments. Instead, the judgments only reflect Counts Two and Three merging together. We remand this case to the trial court for entry of new judgment documents for Counts One, Two, and Three indicating that Count Two and Three merge into Count One. *See State v. Berry*, 503 S.W.3d 360, 364 (Tenn. 2015) ("The judgment document for the lesser (or merged) conviction should reflect the jury verdict on the lesser count and the sentence

imposed by the trial court. Additionally, the judgment document should indicate in the 'Special Conditions' box that the conviction merges with the greater conviction. To avoid confusion, the merger also should be noted in the 'Special Conditions' box on the uniform judgment document for the greater or surviving conviction.")

Additionally, no sentences were imposed in Counts Two and Three. While it is not required, our supreme court has noted that in order to spare the trial court and the parties the hassle of an additional sentencing hearing if the greater count were to be reversed, "the best practice is for the trial court to impose a sentence on each count and reflect the sentence on the respective uniform judgment document." *Id.* at 365.

*Conclusion*

For the aforementioned reasons, the judgments of the trial court are affirmed, but we remand this case for entry of corrected judgments properly reflecting the merger of Counts Two and Three into Count One.

_____
TIMOTHY L. EASTER, JUDGE