IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2019

## STATE OF TENNESSEE v. CHARLES SINCLAIR HODGE

**Appeal from the Criminal Court for Davidson County**
**No. 2016-B-933     Mark J. Fishburn, Judge**

_____

### No. M2018-01647-CCA-R3-CD

_____

A Davidson County Criminal Court Jury convicted the Appellant, Charles Sinclair Hodge, of aggravated assault resulting in death and criminally negligent homicide, and the trial court ordered him to serve two years in confinement for criminally negligent homicide and five years on supervised probation for aggravated assault after completing the two-year sentence. The trial court then merged the convictions. On appeal, the Appellant contends that the trial court's sentencing him for both convictions and entering two separate judgments of conviction violate double jeopardy principles. Based upon the record and the parties' briefs, we conclude that the trial court properly entered two separate judgments of conviction as required by our supreme court; however, the case must be remanded to the trial court because of errors in sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**
**in Part, Reversed in Part, Case Remanded**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Kevin Kelly, Nashville, Tennessee, for the appellant, Charles Sinclair Hodge.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Brian Ewald, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In June 2016, the Davidson County Grand Jury indicted the Appellant for second degree murder and aggravated assault resulting in death. The victim of the alleged

offenses was Charles Wade. After a trial, the jury convicted the Appellant of criminally negligent homicide as a lesser-included offense of second degree murder and aggravated assault as charged in the indictment.

The Appellant does not contest the sufficiency of the evidence and has not included the trial transcript in the appellate record. However, the Appellant's presentence report, which the State introduced into evidence at the sentencing hearing, and the transcript of the sentencing hearing are in the record. According to the presentence report, the victim and the Appellant got into a verbal argument, which turned physical. They began fighting, and the Appellant stabbed the victim with a pocketknife. The victim continued to fight the Appellant until the victim finally collapsed from massive blood loss. The Appellant fled to his home, telephoned the police, and reported the fight. The victim later died at a hospital due to a small but deep laceration that cut an artery behind his right ear. The Appellant admitted stabbing the victim but claimed he did so in self-defense. Video obtained from the location of the incident did not show who started the fight.

At the conclusion of the sentencing hearing, the trial court stated that "obviously" the convictions would merge but that the court was required to sentence the Appellant for both convictions. The trial court sentenced the Appellant as a Range I, standard offender to two years in confinement for the criminally negligent homicide conviction, a Class E felony, and five years on supervised probation for the aggravated assault conviction, a Class C felony. That same day, the trial court entered two judgments of conviction reflecting the Appellant's sentences. On the judgment form for aggravated assault, the trial court wrote that the Appellant was to serve the five-year sentence "upon completion" of the two-year sentence. Moreover, in the "Special Conditions" box on each document, the trial court noted that the convictions merged.

## II. Analysis

The Appellant contends that the trial court's imposition of two separate sentences and entry of two separate judgments of conviction violate the Double Jeopardy Clause. He asserts that because the lesser offense of criminally negligent homicide merged into the greater offense of aggravated assault resulting in death, his two-year sentence for criminally negligent homicide must be vacated and the case remanded to the trial court for entry of a single judgment of conviction and sentence for the "surviving conviction." The State argues that the trial court properly sentenced the Appellant.

Under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."

Similarly, article I, section 10 of the Tennessee Constitution states that "no person shall, for the same offence, be twice put in jeopardy of life or limb." The Double Jeopardy Clauses of the United States and Tennessee Constitutions protect an accused from (1) a second prosecution following an acquittal; (2) a second prosecution following conviction; and (3) multiple punishments for the same offense. State v. Watkins, 362 S.W.3d 530, 541 (Tenn. 2012). The instant case concerns the third category, protection against multiple punishments for the same offense in a single prosecution. Multiple convictions for the same offense violate federal and state constitutional prohibitions against double jeopardy. See U.S. Const. amend. V; Tenn. Const. art. I, § 10. "It is well settled in Tennessee that, under certain circumstances, two convictions or dual guilty verdicts must merge into a single conviction to avoid double jeopardy implications." State v. Berry, 503 S.W.3d 360, 362 (Tenn. 2015) (order). "Whether multiple convictions violate double jeopardy is a mixed question of law and fact that we review de novo with no presumption of correctness." State v. Smith, 436 S.W.3d 751, 766 (Tenn. 2014).

In support of his claim that the trial court was to sentence him only for the greater offense of aggravated assault and enter only one judgment of conviction, the Appellant relies on case law in which this court stated that when a trial court merged convictions, "the trial court's entry of only one judgment of conviction imposing only one sentence . . . protects the defendant from receiving multiple punishments for the same offense." State v. Addison, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997); see State v. Jameca M. Tipler, No. W2014-00288-CCA-R3-CD, 2015 WL 721030, at *10 (Tenn. Crim. App. Feb. 19, 2015) (stating that when a trial court merges convictions, "the proper procedure is to enter only one judgment form for the surviving conviction with a notation that the other conviction is merged"). However, as noted by the State, our supreme court subsequently addressed this very issue in Berry, 503 S.W.3d at 364, and stated as follows:

> [W]hen two jury verdicts are merged into a single conviction, the trial court should complete a uniform judgment document for each count. The judgment document for the greater (or surviving) conviction should reflect the jury verdict on the greater count and the sentence imposed by the trial court. The judgment document for the lesser (or merged) conviction should reflect the jury verdict on the lesser count and the sentence imposed by the trial court. Additionally, the judgment document should indicate in the "Special Conditions" box that the conviction merges with the greater conviction. To avoid confusion, the merger also should be noted in the "Special Conditions" box on the uniform judgment document for the greater or surviving conviction.

Accordingly, we conclude that the trial court correctly determined that it was required to sentence the Appellant for each conviction and enter two judgments of conviction.

Nevertheless, we also conclude that we must remand this case to the trial court. In Berry, our supreme court went on to say that because the judgments of conviction reflect that the convictions are merged, the sentence for the lesser offense "has no immediate effect." Id. at 365. Instead, the sentence for the lesser offense only comes into play if the conviction for the greater offense is reversed on appeal. Id. Therefore, if the trial court in this case wanted the Appellant to serve time in confinement in order to avoid depreciating the seriousness of the offense, then the trial court should have ordered split confinement with regard to the sentence for aggravated assault resulting in death. Thus, the case is remanded to the trial court for that determination.

### III.  Conclusion

Based upon the record and the parties' briefs, the judgment of the trial court is affirmed in part and reversed in part, and the case is remanded to the trial court for further proceedings consistent with this opinion.

_____
NORMA MCGEE OGLE, JUDGE