IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 4, 2021

**STATE OF TENNESSEE v. WILLIAM C. AUSTIN, JR.**

**Appeal from the Circuit Court for Henderson County**
**No. 19278-2  Donald H. Allen, Judge**

_____

**No. W2020-01428-CCA-R3-CD**

_____

Defendant, William C. Austin, Jr., appeals from his guilty plea and resulting conviction for driving as a motor vehicle habitual offender ("MVHO"), for which he received a sentence of four years and six months.  Defendant does not challenge the other convictions or sentences he received as a result of his guilty plea.  On appeal, Defendant argues that after his arrest, but before his guilty plea and sentencing, the Tennessee Legislature amended the Motor Vehicle Habitual Offenders Act and that as a result of the amendment he was entitled to the lesser penalty under the criminal savings statute of Tennessee Code Annotated section 39-11-112 with respect to his conviction for driving as a MVHO.  After a review, we agree with Defendant.  As a result, we reverse and remand the judgment of the trial court with respect to Defendant's conviction for driving as a MVHO.  We remand the matter for entry of sentences in Counts 2 and 3.  The remaining convictions and sentences are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and D. KELLY THOMAS, JR., J., joined.

Jessica F. Butler, Assistant Public Defender, Public Defender's Conference (on appeal); George Morton Googe, District Public Defender, and Hayley Johnson, Assistant Public Defender (at trial), for the appellant, for the appellant, William C. Austin, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Eric Wood, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

On October 11, 2019, Defendant was indicted by the Henderson County Grand Jury for one count of driving as a MVHO; one count of driving on a cancelled, suspended, or revoked license; one count of driving while his license was revoked due to a prior conviction of driving under the influence (DUI); one count of prior offender driving on a cancelled, suspended, or revoked license; one count of reckless driving; and one count of violation of the window tint law.

The technical record contains an order entered on June 9, 2020, denying a motion to dismiss Count 1 of the indictment, driving as a MVHO. The motion to dismiss itself does not appear in the technical record. The order indicates that counsel for Defendant and the State presented arguments to the trial court and the trial court made the following findings:

1. The Tennessee Legislature repealed the [MVHO] law in July of 2019
2. The [MVHO] law was in effect on the date of Defendant's arrest (on April 19th 2019).
3. Therefore, the Defendant could be prosecuted under the law that was in effect at the time of his arrest.

On August 20, 2020, Defendant signed a guilty plea petition and entered guilty pleas to all offenses. The petition did not specify a sentence. At the guilty plea hearing, there was some discussion about a certified question being reserved for appeal at the beginning of the hearing. Later during the hearing, counsel for Defendant specified that this was a "blind or open plea" that would be scheduled for a sentencing hearing and that the certified question was going to be withdrawn. The trial court informed Defendant that if he was entering an open plea that he would have a right to appeal "whatever sentence" might be imposed after the sentencing hearing and that Defendant was "not giving up the right to appeal [his] sentence."

The trial court discussed with Defendant the range of punishment for each offense. The trial court also mentioned that "Count[s] 2, 3, and 4 will all merge into one conviction . . . [for] driving on revoked license [ninth] offense as a result of a prior DUI conviction." At that point, counsel for the State discussed the factual basis for the plea. Defendant agreed with the factual basis for the plea and thanked the trial court for allowing him to enter the guilty pleas.

A sentencing hearing was conducted on September 25, 2020. After reviewing Defendant's presentence report, the trial court noted that rather than a persistent offender, Defendant actually classified as a career offender based on his "11 prior felony convictions,

at least seven of which could be used to enhance him into a higher range." The trial court "gave weight" to Defendant's history of 11 prior felony convictions and 24 prior misdemeanor convictions. The trial court declined to apply the criminal savings statute.

The trial court sentenced Defendant to four years and six months as a persistent offender with a 45% release eligibility "to serve for that violation of habitual motor vehicle offender status."[1] Defendant's driving privileges were revoked for one year. After fashioning sentences for Counts 2, 3, 4, 5, and 6, the trial court stated it would give Defendant a "break" by ordering the sentences to run concurrently, for an effective sentence of four years and six months with the Tennessee Department of Corrections. The trial court found Defendant was not a good candidate for probation.

Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that after his arrest and before the entry of his guilty plea and sentencing hearing, the Legislature amended the Motor Vehicle Habitual Offenders Act, Tennessee Code Annotated section 55-10-601. As a result of the amendment, Defendant argues he is entitled to the benefit of a lesser penalty under our criminal savings statute found at Tennessee Code Annotated section 39-11-112. The State, on the other hand, insists that Defendant waived the right to appeal his sentence by entering a guilty plea, that trial courts can continue to enforce MVHO orders despite changes to the statute, and that the criminal savings statute does not apply because the Legislature did not enact a lesser penalty.

---

[1] The judgment forms do not reflect a sentence for Count 2 or Count 3. During the sentencing hearing, the trial court indicated that Defendant's sentence for Count 2 was the "maximum" of 11 months and twenty-nine days with a $250 fine. The trial court ordered Count 2 to merge with Count 4. The maximum sentence for a class B misdemeanor in Count 2 is six months. *See* T.C.A. § 55-50-504(a)(1). For Count 3, driving while license revoked due to two prior DUIs, the judgment indicates that the trial court merged the conviction with Count 4 but failed to impose a sentence for Count 3. The maximum sentence in Count 3, a class A misdemeanor, is one (1) year, with a mandatory minimum sentence of 45 days. *See* T.C.A. § 55-50-504(a)(2). The judgment form for Count 4, driving while revoked second or subsequent offense, reflects a sentence of eleven months and twenty-nine days, with a fine of $250. The trial court sentenced Defendant to six months for reckless driving in Count 5, with a $50 fine. Finally, for the violation of the window tint law in Count 6, the trial court ordered Defendant to pay a $50 fine. On remand, the trial court should enter an amended judgment in Count 2 reflecting a sentence within the proper range and an amended judgment form in Count 3 to include a proper sentence. *See State v. Berry*, 503 S.W.3d 360, 364 (Tenn. 2015).

On May 24, 2019, the Legislature approved a law removing the statutory provisions related to the MVHO offense and replacing them with a means to reinstate a license previously revoked pursuant to the MVHO statute. 2019 Tenn. Pub. Acts, ch. 486, § 3. The relevant portion of the change deleted the entirety of Tennessee Code Annotated, Title 55, Chapter 10, Part 6. *Id.* The Legislature substituted instead a provision allowing a person whose license had been revoked solely due to the person's status as a MVHO to petition to reinstate his or her driver's license. *See* T.C.A. § 55-10-601 (Supp. 2019).

The entry of Defendant's pleas and sentencing took place in 2020, after the effective date of the amendment to the MVHO statute. Defendant entered guilty pleas to all charges with no agreement as to sentencing in place.

Tennessee Code Annotated section 39-11-112, the criminal savings statute, addresses "Repealed or amended statutes; prosecution." The statute provides:

> When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense. Except as provided under § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

Here, Defendant argues that the operation of the criminal savings statute to his conviction should have resulted in no sentence of incarceration for the violation of the MVHO order.

This Court has addressed a nearly identical issue on three recent occasions. In all three occasions the defendant was afforded the benefit of the criminal savings statute. First, in *State v. Marvin Maurice DeBerry*, No. W2019-01666-CCA-R3-CD, 2021 WL 1561688, at *1 (Tenn. Crim. App. Apr. 21, 2021), *perm. app. filed* (Tenn. June 17, 2021), the statute was amended after the defendant's conviction for violating a MVHO order but prior to his sentencing. A panel of this Court concluded that the legislative history indicated that the purpose of the bill was to provide a lesser penalty. *Id.* Observing that the history of the bill "demonstrates that the Legislature intended to provide for a decreased punishment" by revising the MVHO statute, this Court looked to statements from the bill's sponsors in the Senate and House of Representatives indicating the bill was meant to decrease some penalties and increase others. *Id.* at *7. This Court affirmed the trial court's modification of the defendant's sentence for violating the MVHO order to "no penalty." *Id.* at *1.

Similarly, in *State v. George H. Person*, No. W2020-00937-CCA-R3-CD, 2021 WL 2579862, at *1 (Tenn. Crim. App. June 23, 2021), *perm. app. filed* (Tenn. Aug. 11, 2021),

the defendant pled guilty to two counts of driving in violation of an MVHO order. The guilty pleas and sentencing took place after the amendment to the MVHO statute. *Id.* In *George H. Person*, the trial court gave the defendant the benefit of the criminal savings statute and did not order incarceration with respect to the violation of the MVHO order. The State appealed. We determined the amendment to the statute provided "no penalty," in our view akin to "a lesser penalty under the savings statute," and thus concluded that the trial court did not err in applying the lesser punishments to the defendant's convictions. *Id.* at 6.

Lastly, in *State v. Anthony Lee Carter*, No. W2019-02278-CCA-R3-CD, 2021 WL 2556650, at *1 (Tenn. Crim. App. June 22, 2021), *perm. app. filed* (Tenn. Aug. 11, 2021), the amendment to the statute came after the defendant's arrest but before his trial. The trial court determined that the criminal savings statute did not apply, and sentenced the defendant to a sentence of six years for the violation of the MVHO order. The defendant appealed. *Id.* On appeal, a panel of this Court determined that "that the legislative history clearly reflects that that the legislature intended to impose a lesser penalty on MVHOs by repealing and amending the MVHO Act to eliminate the offense of driving as a MVHO." *Id.* at *5. Further, the panel concluded that "no penalty is a lesser penalty under the savings statute" and that the trial court "erred by applying the greater punishment to the [d]efendant's conviction." *Id.* As a result, the defendant's six-year sentence was vacated and the trial court was ordered to enter an amended judgment form reflecting a conviction for driving as a MVHO and a zero-day sentence.

We see no reason to depart from the logic espoused in *Marvin Maurice DeBerry*, *George H. Person*, or *Anthony Lee Carter*. Defendant herein committed the offense prior to the amendment of the statute but pled guilty and was sentenced after the amendment to the statute, much like the defendants in these three cases. He too should receive the benefit of the lesser penalty set forth by the Legislature in the amendment by operation of the criminal savings statute. To do otherwise would result in inconsistent application of the law. As a result, we vacate Defendant's four year and six-month sentence and fine for violation of the MVHO order in Count 1 and remand the case to the trial court for entry of an amended judgment reflecting a zero-day sentence and no fine. Additionally, on remand, the trial court should impose a sentence on Count 3 despite the fact that this count merged with Count 4. *See State v. Berry*, 503 S.W.3d 360, 364 (Tenn. 2015).

*Conclusion*

For the foregoing reasons, Defendant's sentence in Count 1 is vacated. On remand, the trial court should enter an amended judgment reflecting a zero-day sentence and no fine. Additionally, the trial court should enter amended judgment forms in Counts 2 and 3. In Count 2, the judgment should reflect a sentence within the range for a Class B

misdemeanor.  In Count 3, the trial court should impose a sentence.  The remaining convictions and sentences are affirmed.


 

_____

TIMOTHY L. EASTER, JUDGE