IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 5, 2022

**STATE OF TENNESSEE v. NORRIS RAY**

**Appeal from the Criminal Court for Shelby County**
**Nos. 02-02917, 02-02918, 02-04285      Chris Craft, Judge**

_____

**No. W2021-01060-CCA-R3-CD**

_____

Norris Ray, Defendant, appeals after the summary dismissal of a motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1 in which Defendant argued that his life sentence was illegal for several different reasons. After a review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Norris Ray, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant's complaints stem from convictions in several different case numbers. In order to facilitate our discussion of the issues on appeal, a brief explanation of Defendant's convictions is necessary.

In case number 02-02917, Defendant was indicted in 2002 in Shelby County for two counts of especially aggravated kidnapping. He was convicted as charged. The two counts merged at sentencing and Defendant received a sentence of 40 years at 100% as a multiple offender.

In case number 02-02918, Defendant was convicted of two counts of felony murder and one count of second degree murder as a lesser included offense of first degree murder. The trial court merged the second degree murder conviction and one of the felony murder convictions into the conviction in count one, felony murder, and sentenced Defendant to life. The judgment form for felony murder in count one did not reflect a sentence length. The judgment form for count three, the second degree murder conviction, did not include an offender classification.

In case number 02-04285, Defendant was convicted of being a felon in possession of a firearm. He was sentenced to four years in incarceration with a 30% release eligibility. The trial court ordered the sentences in the three cases to be served consecutively, for a total effective sentence of life plus 44 years. *State v. Norris Ray*, No. W2004-01247-CCA-R3-CD, 2005 WL 1541785, at *1 (Tenn. Crim. App. June 27, 2005), *perm. app. denied* (Tenn. Dec. 5, 2005). Defendant unsuccessfully challenged the length and manner of service of the sentences on direct appeal. *Id.* The Tennessee Supreme court declined review.

Defendant was also unsuccessful in an attempt to receive post-conviction relief from his convictions on the basis of ineffective assistance of counsel. *See Norris Ray v. State*, No. W2010-01675-CCA-R3-PC, 2011 WL 5996037, at *4 (Tenn. Crim. App. Nov. 30, 2011), *perm. app. denied* (Tenn. Apr. 12, 2012). After failing to receive post-conviction relief, Defendant filed a motion pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In the motion, he argued that his life sentence was illegal because the trial court failed to place the reasons for the sentence on the record. Additionally, Defendant argued that he was entitled to relief because the trial court failed to mark the violent offender box or select an offender classification on the judgment form "for count three." Finally, he argued that his life sentence was out of range.

The trial court summarily dismissed the motion, determining that Defendant was not sentenced to life for the second degree murder conviction. Instead, Defendant "was not sentenced at all" because the second degree murder conviction merged with the felony murder conviction. The trial court noted that *State v. Berry*, 503 S.W.3d 360 (Tenn. 2015), requiring a judgment form and sentence for each conviction, did not apply because Defendant was sentenced many years prior to the *Berry* decision. As a result, the trial court determined that Defendant's sentences were not illegal and summarily dismissed the motion for relief.

Defendant appeals the summary dismissal.

*Analysis*

On appeal, Defendant insists that the trial court improperly dismissed the motion because he stated a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1. The State disagrees.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

A trial court may summarily dismiss a defendant's Rule 36.1 motion if the motion fails to state a colorable claim. Tenn. R. Crim. P. 36.1(b)(2). A "'colorable claim' means a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law reviewed de novo on appeal. *Id.* at 589.

Here, Defendant alleges that his life sentence for second degree murder was illegal. Defendant has failed to state a colorable claim. As the record confirms, and the trial court found, the judgment form for Defendant's second degree murder conviction does not contain a sentence length. The judgment form, entered in 2004, indicates in the "special conditions" box that the conviction is "merged into ct1." As noted by the trial court, Defendant was sentenced prior to *Berry*, such that the trial court was not required to impose a sentence on the judgment form. *See Berry*, 503 S.W.3d at 364. Moreover, even if the trial court should have pronounced a sentence for Defendant's second degree murder conviction, the failure to do so would not result in an illegal sentence entitling Defendant to relief pursuant to Rule 36.1. *See Wooden*, 478 S.W.3d at 594-95.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
TIMOTHY L. EASTER, JUDGE