**STATE of Tennessee, Appellant,**

v.

**Donald W. RUSSELL, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

July 3, 1989.

W.J. Michael Cody, Atty. Gen., and Reporter, Gordon W. Smith, Nashville, Asst. Atty. Gen., H. Greeley Wells, Asst. Dist. Atty. Gen., Blountville, for appellant.

Howard Orfield, Bristol, for appellee.

## OPINION

O'BRIEN, Justice.

This defendant entered a guilty plea to charges of grand larceny and second degree burglary in the Sullivan County Criminal Court. He was sentenced to two (2) concurrent four (4) year sentences as a Range I standard offender, with a release classification status of thirty percent (30%). The practical effect of the sentence is that he would be required to serve slightly more than fourteen (14) months incarceration, less any other sentencing benefits he might receive while incarcerated. An application for probation was denied because the charges of burglary and larceny were premeditated offenses, defendant had a persistent history of theft-type charges and drug charges beginning in 1973 and because he was very high risk candidate for probation.

On appeal the Court of Criminal Appeals, in a split decision, reversed the judgment below and remanded with instructions for the trial court to review defendant's lifestyle since the probation hearing. In the absence of some significant misconduct a probation plan was to be implemented as an alternative to immediate imprisonment. The dissent, while asserting that probation was inappropriate, suggested the possibility of some form of alternative sentencing for the defendant if he could be ordered to participate in an intensively supervised program including treatment for drug dependency.

The State has appealed the Court of Criminal Appeals judgment.

By the enactment of Title 40, Ch. 21 of the Criminal Code of this State the legislature has spelled out the authority of trial judges to suspend the execution of sentences of persons found guilty of criminal offenses, as a discretionary function. That discretion to suspend sentences and place defendants on probation has been circumscribed to an extent by the Criminal Sentencing Reform Act of 1982, and more recently by the Public Acts of 1985 (1st E.S.). T.C.A. § 40–35–102 sets forth the purposes of the 1982 Act and § 40–35–103 enumerates the sentencing considerations which must be applied to implement those purposes. T.C.A. § 40–35–104 specifically pro-

vides that a defendant convicted of a felony or a misdemeanor in this State *shall* be sentenced in accordance with the Act. This section sets out sentencing alternatives to be utilized by trial judges, in any combination they deem appropriate.

■ The Sentencing Reform Act intends that sentences should be considered on a case by case basis and that the sentencing court should exercise guided discretion within the terms of the Act. *State v. Moss*, 727 S.W.2d 229, 238 (Tenn.1986). When the provisions of T.C.A. § 40–35–102 and § 40–35–103 are read together, they clearly permit trial courts to exercise their discretion in determining the sentencing alternatives or the length of the term of confinement, allowing differences in sentences justified by the nature of the crime, the characteristics and history of the criminal, and the circumstances surrounding the particular offense involved. *Id.* 236.

■ Notwithstanding what we have said here, nothing in the Act is to be construed as altering any other statutory provision or case law requiring that the burden of establishing suitability for probation rests with the defendant. See T.C.A. § 40–35–303(b). In this case, at the probation hearing, the defendant offered no proof except the testimony of his wife to whom he was married barely two weeks after the burglary and larceny for which he stands convicted. At that time he was unemployed. The wife says he found a job in August or September. The presentence report indicates he was employed in October, just a few weeks before the probation hearing on 23 November 1987 and paints a picture of him as totally unregenerate, dissolute individual, who has spent most of his life showing complete disregard of the rules of the society in which he lives and his utter contempt for the law.

■ The majority in the Court of Criminal Appeals reversed the judgment of the trial court denying probation based on their interpretation of the facts contained in the record. In so doing, they noted that probation was denied without comment as to sentencing alternatives delineated in T.C.A. § 40–35–104. They disagreed with the trial court's finding that the defendant had a persistent criminal record. This is technically true considering the criteria set forth in T.C.A. § 40–35–106(a)(1). They suggested the possibility of defendant's release in accordance with the community corrections program established under T.C.A. § 40–36–101, et seq.

The dissenting judge, while setting forth the reasons why she did not agree probation was appropriate reluctantly suggested that if defendant could be ordered to participate in an intensively supervised program, including effective treatment for drug dependence, he might be considered for some form of alternative sentencing.

The State Legislature in T.C.A. § 40–36–103 enacting the Community Corrections Act clearly set forth that the public policy of the State is to punish selected, non-violent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders. We agree with the dissent below that the defendant has heretofore presented little to show he is a likely candidate for this sort of pre-incarceration procedure. However, he does meet the criteria. The presentation for a suspended sentence in the trial court was extremely weak. It left the trial judge with very little, other than the presentence report, for guidance in exercising a reasonable sentencing discretion in accordance with the sentencing reform statutes and/or the Community Corrections Act. Defendant has now had more than a year and a half, having been at large on bond since the sentencing judgment, to enable him to provide the trial court with a basis to utilize some alternative to incarceration, if it is appropriate in his case.

■ We are of the opinion the case should be remanded to the trial court for the application of the sentencing alternatives set forth in the act which may be applicable. The defendant is directed to

provide the trial court with the background information and data available to him to enable the judge to make a reasoned decision to grant or deny the relief sought. See *State v. Herron*, 767 S.W.2d 151, 156 (Tenn.1989). If the decision is made to grant the application the factors upon which that determination is made should be included in the trial court's judgment together with the specific terms, requirements and conditions upon which probation is granted. If the application is denied, the factors upon which the denial is based must be clearly articulable and stated in the record in order that meaningful appellate review may be had. The costs of this appeal are assessed to the appellant. The costs below shall await the adjudication of the trial court.

Court of Criminal Appeals Reversed; remanded to trial court with directions.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.