IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1998 SESSION

FILED

October 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9707-CC-00311 |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY |
| VS. | ) | |
| | ) | HON. D. KELLY THOMAS, JR., |
| KENNETH W. ERVIN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Resentencing) |

FOR THE APPELLANT:             FOR THE APPELLEE:

MACK GARNER
District Public Defender
419 High St.
Maryville, TN 37804

JOHN KNOX WALKUP
Attorney General & Reporter

JANIS L. TURNER
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN 37243-0493

MIKE FLYNN
District Attorney General

EDWARD P. BAILEY, JR.
Asst. District Attorney General
363 Court St.
Maryville, TN 37804

OPINION FILED:_____

REVERSED AND REMANDED

DAVID G. HAYES,
Judge

## OPINION

The appellant, Kenneth W. Ervin, appeals the sentences imposed by the Blount County Circuit Court following revocation of his Community Corrections sentences. The appellant's placement in the Community Corrections program stemmed from his guilty pleas to three class C felonies. This appeal is before this court from a previous remand of the sentencing hearing following revocation. Upon remand, the trial court increased the term imposed for each of the multiple sentences by one year and modified the previously ordered concurrent sentences to reflect that they be served consecutively. In this appeal, the appellant contends (1) that the trial court erred in increasing his sentences by one year; (2) that the trial court erred in ordering his sentences to run consecutively; and (3) that, because the plea agreement violated mandatory consecutive sentencing requirements, he should have been allowed to withdraw his guilty pleas.

After review of the record before us, we reverse and remand this case to the trial court for further proceedings consistent with this opinion.

### Background

In 1994, the appellant was arrested on one count of aggravated burglary in case number C-8088. While on bail for this offense, he was arrested on another count of aggravated burglary (C-8252) and one count of theft of property valued over ten thousand dollars (C-8253).[1] The record indicates that in May 1994, the appellant

---

[1] The appellant was also charged with two counts of theft under $500, one count of attempt to commit aggravated burglary, and one count of theft over $1000. See State v. Ervin, 939 S.W.2d 581, 582-582 (Tenn. Crim. App. 1996). However, these charges and their resulting sentences are not at issue in this appeal.

entered guilty pleas to each of the three counts and, pursuant to a plea agreement,[2] was sentenced to four years on each count, to be served concurrently. Each of the four year sentences were ordered to be served in the Community Corrections program, preceded by one year in the county jail.

After completing his time in the county jail, the appellant was released into the Community Corrections program. Shortly thereafter, April 1995, the appellant violated the behavioral conditions of his Community Corrections contract. On May 30, 1995, the trial court revoked his Community Corrections sentence and, at resentencing, increased his sentences from four to five years in the Department of Corrections, with credit for all time served. The appellant appealed this sentencing decision to this court. On appeal, this court affirmed the revocation of the appellant's Community Corrections sentence. See Ervin, 939 S.W.2d at 582. However, because this court found the trial court's findings incomplete and insufficient to conduct a *de novo* review, this court remanded this case to the trial court for a new sentencing hearing. Ervin, 939 S.W.2d at 582, 584.

On March 20, 1997, a rehearing was held. Neither party presented any sentencing evidence to supplement that which already appeared in the case file; both relying on the proof previously introduced. At this hearing, the trial court noted, following reexamination of the sentencing proof in the record, that the appellant's previous sentence was illegal because Tenn. R. Crim. P. 32(c)(3)(C) (felony committed while defendant released on bail) mandates that the terms should have been

_____

[2]The trial court's statements at the resentencing hearing suggest that, at the time the initial pleas were entered, the plea agreement was based upon the recommendation of a specific sentence, pursuant to Tenn. R. Crim. P. 11(e)(1)(C). Because a transcript of the initial plea hearing was not included in the record and because the court failed to enter specific findings on this issue, we are unable to reach such a conclusion for purposes of this appeal. Moreover, the "Order Accepting Plea of Guilty," which is included in the record, provides "the Court is to hear the evidence and fix punishment. . . ," appears inconsistent with the court's statement that the initial plea was entered pursuant to a specific sentence, Tenn. R. Crim. P. 11(e)(1)(C).

consecutive and not concurrent. The trial judge also noted that the appellant's initial sentence was entered pursuant to a plea agreement, and, on the second occasion, the court's resentencing of the appellant was based upon the State's recommendation of five years. As such, the trial judge noted that this was the first time that the court had weighed all of the evidence and looked at the enhancing and mitigating factors in this case. After review of the applicable sentencing factors and after acknowledgment of Tenn. R. Crim. P. 32(c)(3)(C), the trial court modified the sentence by increasing the sentences from five to six years on each count, the maximum in the range, and ordered them to run consecutively, for an effective sentence of twelve years.

### I. Consecutive Sentencing/ Illegal Sentences

At the rehearing, the trial court found that two felonies were committed while the appellant was released on bail. Clearly, the appellant's sentence is subject to being vacated because the sentence violates Tenn. R. Crim. P. 32(c)(3)(C). State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Rule 32(c)(3)(C) provides that if a person commits a felony while on bail for another offense and the person is convicted of both offenses, the two sentences are required to be served consecutively. The rule makes the manner of serving the sentences compulsory, regardless of what the judgment might recite. In other words, the manner of serving the sentences is non-negotiable, and the provisions of the rule cannot be altered by a plea agreement. See State v. Connors, No. 03C01-9506-CC-00176 (Tenn. Crim. App. at Knoxville, Dec. 17, 1996).

Because the statute mandates consecutive sentencing in such a situation, the trial court erred in ordering the sentences to be served concurrently. A court is with the authority to correct an illegal sentence at any time, even if it has otherwise become

4

final.  Burkhart, 566 S.W.2d at 873.  However, in the present case, the convictions were based upon a negotiated plea agreement.  Thus, if the plea agreement was conditioned upon the concurrent service of the sentences, the State could not legally fulfill its part of the plea agreement.  As previously noted, we are unable to determine from the record before us whether the appellant's guilty pleas were so conditioned.  Moreover, no findings as to this issue were entered by the trial court at the hearing on remand.  This court may not act as a factfinder as our jurisdiction is appellate only and is limited to review of the final judgments of trial courts. Tenn. Code Ann. § 16-5-108(a).  Accordingly, this cause must be remanded to the trial court for a determination of whether the appellant's guilty pleas were entered contingent upon his receiving concurrent sentences.

Upon remand, if the trial court determines that the plea bargain was conditioned upon the imposition of concurrent sentences, the appellant is entitled to withdraw his guilty pleas.  Burkhart, 566 S.W.2d at 873.  In the event that the appellant elects to proceed to trial and is convicted of both offenses, the sentences imposed must be served consecutively.  However, if the trial court determines that the appellant's guilty pleas were not, in any degree, conditioned upon the concurrent service of the sentences, the court has the authority to correct the illegal sentences and should do so.

## II.  Length of Sentences

Although our ruling in this appeal renders the appellant's remaining issue as to the length of the sentences premature, we elect to proceed with our review to further prevent unnecessary and protracted litigation of this remaining issue.  If the trial court determines that the appellant's pleas were not conditioned upon the concurrent service

5

of his sentences, the issue remains whether the trial court's increase of the appellant's sentences from five to six years was proper.

Again, four year sentences were originally imposed. After revocation from the Community Corrections program, the trial court increased the sentences from four to five years. On appeal, this court remanded the case because the trial court failed to enter findings of fact on the record. Upon remand, the trial court again increased the appellant's sentences, from five to six years. The appellant concedes that the five year sentences were proper; however, he contends that the six years sentences are excessive.

When the length of sentence is challenged on appeal, this court conducts a *de novo* review conditioned upon the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-201(d) (1990). This presumption only applies, however, if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the case before us, the trial court considered relevant sentencing principles; thus, the presumption applies. Moreover, this court may only modify a sentence if the sentence is excessive or the manner of service is inappropriate. State v. Russell, 773 S.W.2d 913, 915 (Tenn. 1989). On appeal the appellant bears the burden of showing that the sentence imposed was improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d)(1990).

In increasing the appellant's sentences, the trial court applied three enhancement factors: (1) the appellant has a previous history of criminal convictions, Tenn. Code Ann. § 40-35-114(1) (1994 Supp.); (8) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the

community, Tenn. Code Ann. § 40-35-114(8); and (3) the offense involved more than one victim, Tenn. Code Ann. § 40-35-114(3). The court found no applicable mitigating factors.

No new evidence was presented at the remand sentencing hearing. The presentence report indicates that the appellant has prior convictions for burglary and several misdemeanors. The appellant has also repeatedly violated the conditions of prior sentences involving release in the community. Thus, the trial court properly enhanced the appellant's sentences on the basis that he has a previous history of criminal convictions and has shown an unwillingness to comply with the conditions of a sentence involving release in the community.

The trial court also found that "[t]wo of these offenses [the burglaries] involve more than one victim." The victim impact statements reflect that one of the families, whose home was burglarized by the appellant, had young children. The children are afraid to go in their homes at night before their parents go through the house and they "won't sleep in their own beds and are terrified to go in their home." To properly apply this factor in enhancing a sentence for aggravated burglary, more than one victim must be present at the time the crime was committed. See State v. Wilson, No. 01C01-9602-CC-00073 (Tenn. Crim. App. at Nashville, Jul. 31, 1997), perm. to appeal denied, (Tenn. Apr. 20, 1998) (citing State v. Denton, No. 02C01-9409-CR-00186 (Tenn. Crim. App. at Jackson, Aug. 2, 1996); Register v. State, No. 01C01-9210-CC-00329 (Tenn. Crim. App. at Nashville, Aug. 12, 1993), perm. to appeal denied, (Tenn. Dec. 28, 1993)). In the case before us, there is no proof to show that any of the victims were present at the time of the burglary. Additionally, only one count of aggravated burglary, C-8252, is supported by evidence showing that more than one person was victimized by the appellant. Thus, it was error for the trial court to apply this enhancing factor.

7

The sentencing range for the appellant, a Range I standard offender, for the crimes committed, which were class C felonies, is three to six years. See Tenn. Code Ann. § 40-35-112(a)(3) (1990). When there are enhancement factors and no mitigating factors, the trial court may set the sentence above the minimum within the applicable sentencing range, but still within the range. Tenn. Code Ann. § 40-35-210(d) (1990). Beginning with the presumptive minimum sentence, the trial court must then "enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors." Id. Again, the trial court found, and we agree, that enhancement factors (1) and (8) and no mitigating factors are applicable. However, we have determined that factor (3) is not supported by the proof in the record and is, therefore, inapplicable. In view of our finding that the trial court misapplied one enhancing factor, modification of the maximum sentence is necessary.[3] Upon *de novo* review, after weighing the two applicable enhancement factors found, we conclude that a sentence of five years on each conviction is justified.

Accordingly, this case is remanded to the trial court for a determination of whether the appellant's guilty pleas were conditioned upon the concurrent service of his sentences. If the court finds that the pleas were so conditioned, the appellant shall be given the opportunity to withdraw his guilty plea and either enter into a new agreement or proceed to trial. However, if the concurrent aspect of the sentences was not of relevance in the appellant's decision to plead guilty, the appellant's sentences should be modified to reflect a term of five years on each count, with the sentences in

---

[3]As thrust for the appellant's argument, he refers to the doctrine of "judicial vindictiveness" as reason why the trial court improperly modified his sentences from five to six years. This doctrine holds that a harsher sentence after a new trial raises a presumption of judicial vindictiveness absent an affirmative showing on the record of the reasons for the harsher sentence. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072 (1969); State v. Gilliam, 901 S.W.2d 385, 392 (Tenn. 1995). Because we have modified the appellant's sentences following *de novo* review, we find it unnecessary to address this issue.

cases C-8252 and C-8253 to run consecutive to the sentence in case C-8088, for a total effective sentence of ten years.

For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded to that court for proceedings consistent with this opinion.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JOSEPH M. TIPTON, Judge