IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2024

## STATE OF TENNESSEE v. JOSHUA L. HUTCHERSON

**Appeal from the Circuit Court for Henderson County**
**No. 15-092-3        Kyle C. Atkins, Judge**

_____

**No. W2024-00210-CCA-R3-CD**

_____

The defendant, Joshua L. Hutcherson, pleaded guilty to four counts of vehicular assault, two counts of driving on a revoked license with a prior DUI, one count of leaving the scene of an accident with injuries, four counts of reckless aggravated assault, and one count of felony reckless endangerment, and the trial court imposed an effective sentence of fourteen years' incarceration in the Tennessee Department of Correction. On appeal, the defendant argues the trial court erred in denying alternative sentencing and in failing to apply an appropriate mitigating factor. After reviewing the record and considering the applicable law, we affirm the judgments of the trial court. However, we remand the case for corrected judgment forms.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgments**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and MATTHEW J. WILSON, JJ., joined.

Joshua L. Phillips, Lexington, Tennessee, for the appellant, Joshua L. Hutcherson.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Jody Pickens, District Attorney General; and Chris Post and Angela Scott, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### *Facts and Procedural History*

On October 19, 2015, the defendant entered an open plea to four counts of vehicular assault, two counts of driving on a revoked license with a prior DUI, one count of leaving

the scene of an accident with injuries, four counts of reckless aggravated assault, and one count of felony reckless endangerment, with sentencing to be determined by the trial court. The facts underlying the plea, as explained by the State, were as follows:

> [O]n or about November 3rd, 2014, that [the defendant] did unlawfully run into the back of a vehicle that was parked behind a school bus here in Henderson County that was letting off – the school bus was letting off children from being picked up from school.
>
> It seriously injured a [S.M.][1] and – by use of a deadly weapon being the motor vehicle.
>
> But then the reckless aggravated assault was on Crystal Morgan and Regina Adamack and Demerick Diggs and [O.M.], who were placed in fear because of – because of the use of the motor vehicle in ramming them from behind.
>
> [The defendant] – After the wreck happened he fled the scene and was picked up down the road by a Linda Johnson, who figured out that he had been in this wreck and kicked him out of the vehicle and then proceeded to call the police, which Sergeant Azbill arrested [the defendant]; read him the Implied Consent Form.
>
> He did consent to give blood and his BA came back as point-one-two-four.
>
> And [the defendant] also had a prior DUI that he plead (sic) to out of Henderson County General Sessions back in July 8th of 2014, which is why he was driving on a revoked license because of a prior DUI.

During the sentencing hearing, the State introduced a copy of the defendant's presentence report. Crystal Morgan testified that on the day of the accident she was driving with her two daughters, her best friend, Regina Adamack, and Ms. Adamack's husband, Demerick Diggs. When Ms. Morgan stopped behind a school bus that was dropping off children from school, she heard a "loud squealing noise." The next thing she remembered was sitting on the side of the road with her two daughters. Ms. Morgan had a cut on the back of her head, and her vehicle was totaled from the accident. Her younger daughter sustained a broken leg, fractured orbital bone, and several facial fractures and was airlifted to Lebonheur hospital in Memphis. Ms. Morgan's older daughter only sustained two small

---

[1] It is the policy of this Court to refer to minors by their initials.

cuts during the accident. While neither daughter suffered long-term physical problems, they both experienced anxiety during car rides following the accident.

Regina Adamack testified that she heard a noise while their vehicle was stopped behind a school bus. As she looked in the side mirror, she saw the defendant's vehicle "turn sideways" and then experienced severe pain. She immediately looked over at Ms. Morgan in the driver's seat. However, "[Ms. Morgan's] eyes [were] fixed to the ceiling[, and Ms. Adamack] thought [her] best friend – [who] was five months pregnant at the time – was dead." Ms. Adamack and her husband were able to wake Ms. Morgan and move her and her daughters out of the vehicle. However, the defendant "never checked on [them], never had any regards for anybody in the vehicle." Ms. Adamack stated that she sustained damage to her rotator cuff in the accident and can no longer sleep on her left side. Her children had to help her get dressed and brush her hair for several weeks following the accident. She also takes anxiety medication "for being in vehicles."

Demerick Diggs testified that he suffered a bruised sternum and mild concussion in the accident and was treated in the emergency room. He stated that he is still bothered by the sight of a school bus, heavy traffic, and the sound of a squeal. He asked that the defendant receive the maximum punishment allowed.

The defendant also provided a statement of allocution, apologizing for his actions. The defendant testified that he only vaguely recalled the day of the accident because he was heavily intoxicated at the time. He stated that he and two friends shared a fifth of vodka because he was "pill sick" and trying to ease his withdrawal symptoms. The defendant was going to pick up his mother-in-law from work when he went around a curve and saw Ms. Morgan's vehicle. He tried to slam on his breaks but was unable to stop in time. The defendant testified that he did not remember leaving the scene of the accident and that he was taken to the hospital where he was treated for a broken wrist and a laceration on his chin. He stated that he has used drugs for three years prior to the accident and never attended a drug treatment program. The defendant denied intentionally hurting the victims and stated that he would rather have "hit a tree and sustain[ed] more serious injuries to myself than them children have or they have. As a father, I can understand where they're coming from. I can understand how they look at me." The defendant agreed that he had two prior convictions for aggravated robbery in 2001.

At the conclusion of the sentencing hearing, the trial court merged the four counts of vehicular assault (counts one, two, three, and seven) and the two counts of driving on a revoked license with a prior DUI (counts four and five). The trial court imposed a sentence of six months for count five (driving on a revoked license with a prior DUI); eleven months, twenty-nine days for count six (leaving the scene of an accident with injuries); seven years at 35% for count seven (vehicular assault); seven years at 35% for each count of reckless

aggravated assault (counts eight, nine, ten, and eleven); and four years at 35% for count twelve (felony reckless endangerment). The trial court ordered counts five, six, seven, nine, ten, eleven, and twelve to be served concurrently with each other but consecutive to count eight, for an effective sentence of fourteen years.

Following the defendant's sentencing hearing, no notice of appeal was filed. On July 28, 2016, the defendant filed a petition for post-conviction relief seeking a delayed appeal, which the trial court granted following a hearing. This appeal followed.

*Analysis*

On appeal, the defendant challenges the trial court's decisions regarding the length and manner of service of his sentence. He argues the trial court erred in denying probation. He further asserts the trial court failed to apply mitigating factor (13). The State contends that the trial court acted within its discretion when it sentenced the defendant to confinement and that the defendant waived any argument regarding mitigating factors.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." *Id.* § 40-35-103(4).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See* Tenn. Code Ann. §§ 40-35-114, -210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing." *Id.* § 40-35-210(e).

When an accused challenges the length and manner of service of a sentence, this Court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682,

707 (Tenn. 2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Bise*, 380 S.W.3d at 709. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

## I.     Denial of Probation

The defendant argues the trial court erred in denying probation. The defendant contends the trial court imposed a sentence of incarceration over treatment and rehabilitation despite the defendant's testimony that he struggled with substance abuse for several years. The State contends the trial court acted within its discretion when it sentenced the defendant to confinement. We agree with the State and affirm the decision of the trial court.

A trial court's decision to grant or deny probation is reviewed under an abuse of discretion standard with a presumption of reasonableness when the sentence reflects the purposes and principles of sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). "[A] trial court's decision to grant or deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination." *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014) (order) (per curiam). The burden of establishing suitability for probation rests with a defendant, who must demonstrate that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)); *see* Tenn. Code Ann. § 40-35-303(b); *State v. Russell*, 773 S.W.2d 913, 915 (Tenn. 1989); *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008).

Generally, probation is available to a defendant sentenced to ten years or less. Tenn. Code Ann. § 40-35-303(a). A defendant who is convicted as an especially mitigated or standard offender of a Class C, D, or E felony is considered a favorable candidate for probation. Tenn. Code Ann. § 40-35-102(6)(A). In determining whether incarceration is appropriate, the trial court should consider whether:

> (A)     Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)  Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)  Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C).  Additionally, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(4), (5).

Following the defendant's statement of allocution, the trial court noted that it had considered the evidence presented at the sentencing hearing, the presentence report, the principles of sentencing, arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct to which the defendant pleaded guilty, statistical information provided by the Administrative Office of the Courts, and the potential for rehabilitation and treatment.

The trial court examined the defendant's criminal history, which included two aggravated robberies and a DUI, the facts and circumstances surrounding the offense, whether the defendant may reasonably be expected to be rehabilitated, and the risk that the defendant might commit another crime if placed on probation.  Ultimately, the trial court found confinement was appropriate because "less restrictive measures besides confinement [had] been applied to this particular defendant and applied unsuccessfully," and "full probation or probation at all would unduly depreciate the seriousness of this offense."

We find no abuse of discretion in the trial court's denial of probation.  The defendant had previously violated the conditions of his release into the community and was on probation at the time of his arrest in this case.  Additionally, while not lengthy, the defendant does have a prior criminal history and has admitted to illegal drug use.  Although the defendant showed remorse for his actions, his choice to drive under the influence in the middle of the day resulted in a small child suffering numerous injuries and multiple people experiencing long-term anxiety.  As evidenced by the record on appeal, the trial court thoroughly considered all the evidence prior to denying probation.  The defendant is not entitled to relief on this issue.

## II.  Mitigating Factors

The defendant argues the trial court failed to consider mitigating factor (13). Specifically, the defendant contends that, because he accepted responsibility for the offenses and expressed genuine remorse, the trial court should have applied the catch-all factor. The State contends the defendant has waived this factor.

Here, the trial court applied enhancement factors (1) the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (3) that the offense involved more than one victim; (6) the personal injuries inflicted upon or the amount of damage to property sustained by the victims was particularly great; (7) the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement; (8) the defendant, before trial or sentencing, failed to comply with conditions of a sentence involving release into the community; and (13) at the time the felony was committed, one (1) of the following classifications was applicable to the defendant: (C) released on probation. Tenn. Code Ann. § 40-35-114(1), (3), (6), (7), (8), (13). The trial court found no applicable mitigating factors.

A sentencing court may consider in mitigation "any other factor consistent with the purposes of this chapter." Tenn. Code Ann. § 40-35-113(13). This Court has previously held that a defendant's recognition of the wrongfulness of his actions and his expression of remorse supports marginal consideration under mitigating factor (13). *See State v. Dowdy*, No. M2011-00939-CCA-R3-CD, 2012 WL 1808866, at *10 (Tenn. Crim. App. May 17, 2012), *perm. app. denied* (Tenn. Aug. 16, 2012); *State v. Mooney*, No. 03C01-9502-CR-00050,1996 WL 183931, at *15 (Tenn. Crim. App. Apr. 18, 1996), *perm. app. denied* (Tenn. Oct. 28, 1996). The defendant argues on appeal that he acknowledged his involvement in the accident and admitted that he was intoxicated at the time it occurred. Moreover, he expressed remorse for his actions and their impact on the child victims.

While we agree this fairly describes the defendant's testimony at the sentencing hearing, the defendant did not ask the trial court to consider the factor in any briefing or at the hearing. On the contrary, the defendant has raised this issue for the *first* time in this appeal. Under these circumstances, the defendant has waived this issue. *See State v. Doss*, No. M2020-00934-CCA-R3-CD, 2021 WL 2652692, at *8 (Tenn. Crim. App. June 28, 2021) ("[T]he record reflects that the defendant did not request the application of any mitigating factors during the sentencing proceedings, and he raises this argument for the first time on appeal; consequently, his issue in this regard has been waived."), *no perm. app. filed*.

Furthermore, even if the trial court erred in failing to give weight to this mitigating factor, we "cannot reverse a sentence based on the trial court's failure to adjust a sentence in 'light of applicable, but merely advisory, mitigating or enhancement factors.'" *Carter*,

254 S.W.3d at 346. In this case, enhancement factors (1), (3), (6), (7), (8), and (13) were applicable to each of the defendant's convictions.[2] Our review of the record indicates the trial court imposed within applicable range sentences after properly considering the evidence adduced at the guilty plea and the sentencing hearings, the presentence report, the principles of sentencing, the parties' arguments, the nature and characteristics of the crime, the potential for rehabilitation, and the evidence of enhancement and mitigating factors. Tenn. Code Ann. §§ 40-35-103(5), -114, -210(b). The defendant is not entitled to relief on this issue.

Finally, we must note an issue concerning the judgments in this case. The trial court merged counts one, two, and three into count seven and count four into count five. However, no sentences were imposed in counts one, two, three, and four. While not required, "the best practice is for the trial court to impose a sentence on each count and reflect the sentence on the respective uniform judgment document." *State v. Berry*, 503 S.W.3d 360, 365 (Tenn. 2015). This eliminates the need for an additional sentencing hearing if the greater conviction is later reversed. *Id.* Therefore, we remand the case to the trial court for entry of corrected judgments reflecting separate sentences for counts one, two, three, and four. Each conviction should be listed on a separate judgment form. Moreover, only the judgment for count five reflects which sentences are to be served consecutive to each other. On remand, each judgment form should reflect whether the sentence runs consecutive or concurrent to another count.

### *Conclusion*

For the aforementioned reasons, the judgments of the trial court are affirmed. However, we remand this case for entry of corrected judgments as specified in this opinion.

---

J. ROSS DYER, JUDGE

---

[2] Though not raised by the defendant, we note enhancement factor (3) would not be applicable to the defendant's convictions for vehicular assault and felony reckless endangerment. *State v. Mellinger*, No. M200201029CCAR3CD, 2003 WL 22937749, at *6 (Tenn. Crim. App. Dec. 10, 2003) (enhancement factor (3) may not be applied to enhance a sentence where a defendant is separately convicted of the offenses committed against each victim). Moreover, it is not clear from the record whether the trial court applied enhancement factor (3) to those convictions. However, "[A] trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the [Sentencing Act]." *Bise*, 380 S.W.3d at 706.