# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 17, 2024

## STATE OF TENNESSEE v. DIOR ARMONTE ISSAC

**Appeal from the Criminal Court for Knox County**
**No. 126038   G. Scott Green, Judge**

**No. E2024-00281-CCA-R3-CD**



FILED

JAN 15 2025

Clerk of the Appellate Courts
Rec'd by

The defendant, Dior Armonte Issac[1], pleaded guilty to unlawful possession of a firearm after having been convicted of a felony drug offense and driving under the influence, and the trial court imposed an effective sentence of six years' incarceration in the Tennessee Department of Correction. On appeal, the defendant argues the trial court erred in denying his request for alternative sentencing. After reviewing the record and considering the applicable law, we conclude that a new sentencing hearing is necessary because the trial court failed to place the appropriate findings on the record. Accordingly, the judgments of the trial court are reversed, and the case is remanded to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., and D. KELLY THOMAS, JR., S.J., joined.

Eric Lutton, District Public Defender, Jonathan Harwell (on appeal), and Brooke Spivey (at guilty plea and sentencing hearings), Assistant District Public Defenders, for the appellant, Dior Armonte Issac.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Charme P. Allen, District Attorney General; and Christy Caviness, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

---

[1] The defendant is also referred to as Dior Armonte Isaac throughout the record.

## Facts and Procedural History

On October 3, 2023, the defendant pleaded guilty to unlawful possession of a firearm after having been convicted of a felony drug offense (count one) and driving under the influence (count two). Pursuant to the plea agreement, the defendant agreed to a six-year sentence for count one to be served concurrently with an eleven-month, twenty-nine-day sentence for count two, with the manner of service to be determined by the trial court. The facts underlying the plea, as explained by the State, were as follows:

> [O]n May the 13th of 2023 KPD pulled over a vehicle driving for speeding. He was going 70 in a 35. Observed defendant had red watery eyes, slurred speech. The defendant did poorly on FSTs. The defendant consented to a search of the vehicle. Half a full bottle of tequila and a cup of liquid that smelled of alcohol was found. They also found a .40 caliber handgun. The defendant was convicted of a drug offense in Knox County on December 18th of 2013. They took blood and the blood came back to be .135. And all this happened in Knox County, Tennessee.

During the sentencing hearing, the State introduced a copy of the defendant's presentence report. Following argument from the State and trial counsel, the trial court suspended the defendant's six-year sentence to supervised probation after serving one year in confinement. This timely appeal followed.

## Analysis

The defendant's sole issue on appeal is the trial court's denial of full probation. Specifically, the defendant contends he does not have a significant prior criminal history, he successfully completed probation on two prior occasions, and "there was nothing established regarding the need for deterrence in this community." The State contends the trial court properly exercised its discretion in ordering the defendant to serve a term of split confinement.

A trial court's decision to grant or deny probation is reviewed under an abuse of discretion standard with a presumption of reasonableness when the sentence reflects the purposes and principles of sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). "[A] trial court's decision to grant or deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination." *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014) (order) (per curiam). The burden of establishing suitability for probation rests with a defendant, who must demonstrate that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim.

App. 2002) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)); *see* Tenn. Code Ann. § 40-35-303(b); *State v. Russell*, 773 S.W.2d 913, 915 (Tenn. 1989); *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008).

Generally, probation is available to a defendant sentenced to ten years or less. Tenn. Code Ann. § 40-35-303(a). A defendant who is convicted as an especially mitigated or standard offender of a Class C, D, or E felony is considered a favorable candidate for probation. Tenn. Code Ann. § 40-35-102(6)(A). In determining whether incarceration is appropriate, the trial court should consider whether:

(A)   Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)   Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)   Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C). Additionally, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(4), (5).

Here, the trial court failed to make the appropriate findings with regard to its denial of alternative sentencing. Following arguments from the State and trial counsel, the trial court noted that the defendant had "a criminal history" but observed that it had "seen a whole lot worse just within [that] week." The trial court stated that the defendant was "hammered" while "driving on the streets of Knoxville" and noted the defendant had previously been convicted of possessing a firearm as convicted felon. Because the defendant received probation for his first possession of a firearm conviction and "[t]hat didn't teach [the defendant his] lesson," the trial court stated that it was "going to do something to get a bit more of [his] attention this time." The trial court did not indicate whether it examined the statutory considerations for imposing confinement nor did it place in the record its reasons for imposing the sentence. *See* Tenn. Code Ann. §§ 40-35-103(A)-(C), -103(5). Although the trial court is afforded wide discretion in sentencing decisions, the trial court retains an affirmative duty to state on the record, either orally or in writing, its findings of fact and reasons for imposing a specific sentence to facilitate appellate review. *See* Tenn. Code. Ann. § 40-35-209(c), -210(e). Given the trial court's limited

findings of fact and failure to state on the record its reasons for imposing the sentence, we conclude that a new sentencing hearing is in order to determine the defendant's suitability or lack thereof for probation.

### *Conclusion*

Based upon the record and the parties' briefs, we remand the case to the trial court for further proceedings consistent with this opinion.

s/ J. ROSS DYER
J. ROSS DYER, JUDGE