IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 3, 2026

## JUAN CERANO v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 14-01165    David L. Pool, Judge**

_____

### No. W2025-00379-CCA-R3-PC

_____

The Petitioner, Juan Cerano, appeals the trial court's summary dismissal of his petition for a writ of certiorari or supersedeas. Specifically, he contends that he is entitled to relief because he was twice punished for a single act in violation of double jeopardy and that merger of his convictions for aggravated sexual battery and rape of a child was improper. The Petitioner's notice of appeal was filed almost two and one-half months late; an issue pointed out by the State on appeal. Following our review, we conclude that the interest of justice does not require waiver of the timely filing requirement because the Petitioner has given no explanation for the untimely filing, and the nature of his double jeopardy issue does not warrant such. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which MATTHEW J. WILSON and STEVEN W. SWORD, JJ., joined.

Juan Cerano, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; and Steve Mulroy, District Attorney General, for the appellee, State of Tennessee.

### OPINION

Following a jury trial, the Petitioner was convicted of aggravated sexual battery and rape of a child. *State v. Cerano*, No. W2015-02234-CCA-R3-CD, 2017 WL 1788737, at *1-6 (Tenn. Crim. App. May 4, 2017), *no perm. app. filed*. The trial court merged the aggravated sexual battery conviction into the rape of a child conviction and sentenced the Petitioner to thirty years in prison. *Id.* at *1. The Petitioner appealed to this court, arguing

only "that the trial court erred by denying his motion to produce records from the Department of Children's Services [("DCS")] regarding prior allegations of abuse after an in camera inspection." *Id.* This court affirmed due to deficiencies in the appellate record, particularly the absence of the DCS records and any order or transcript of the trial court's associated ruling. *Id.* at *7. Thereafter, the Petitioner pursued post-conviction relief, claiming that trial counsel was ineffective due to his failure to include the relevant materials on direct appeal. *Cerano v. State*, No. W2018-02037-CCA-R3-PC, 2020 WL 3482130, at *1 (Tenn. Crim. App. June 25, 2020), *perm. app. denied* (Tenn. Oct. 12, 2020). The post-conviction court denied relief. *Id.* On appeal, this court determined that the Petitioner had failed to establish prejudice from trial counsel's deficient performance and affirmed. *Id.* at *11.

On July 19, 2024, the Petitioner filed a petition for a writ of certiorari and supersedeas, contending that he was twice punished for the "same offense" in violation of double jeopardy and that merger of his convictions was improper. He requested reversal of his convictions, as well as dismissal of the indictment. The trial court summarily dismissed the petition on December 5, 2024, finding that the writ of certiorari was not available because the Petitioner's double jeopardy claim should have been pursued on direct appeal. Addressing the merits of the Petitioner's issue, the trial court noted that the Petitioner's double jeopardy rights were protected by, rather than infringed upon by, the exact procedure of which the Petitioner complained, *i.e.*, "merger of [the] Petitioner's conviction[s] . . . prevented [the] Petitioner from being punished more than once for the same conduct." On March 18, 2025, the Appellate Court Clerk's Office filed the Petitioner's notice of appeal document.

In the notice, the Petitioner states that the document was "[r]espectfully submitted this 22nd, day of February[], after the Uniform Civil Affidavit of Indigency was provided from prison-records." After providing the date of February 22, 2025, the Petitioner inserts a footnote and refers to "the annexed photocopy of [an] envelop[e] to establish [the] date of receipt of Judgment." There is no specific statement included therein regarding to whom in the correctional facility the Petitioner submitted the document. It also is not notarized. The attached envelope shows that it was mailed from the Shelby County Criminal Clerk's Office to the Petitioner; reflects a postmark of January 7, 2025; and bears a received-stamped date of January 13, 2025.

On appeal, the Petitioner frames the issue as whether his "sentence is in violation of the Double Jeopardy Clause, because he was punished twice [for] a single act, although the offenses he was convicted of were merged." He affirms that he is appealing from the trial court's ruling that "it was required to merge the rape of a child conviction into the

- 2 -

aggravated sexual battery" conviction because "the offenses stem[med] from a single criminal act." Then, in the argument section of his brief, he focuses on his inability to obtain a copy of the sentencing hearing transcript, which would, according to the Petitioner, "show that even if the aggravated sexual battery conviction was merged into the rape of a child, he still was sentenced for both convictions." He requests remand for a new sentencing hearing "based on a single conviction." The Petitioner makes no mention in his principal brief of the thirty-day filing period for his notice of appeal. The State responds by asking us to dismiss this case due to the Petitioner's failure to file his notice of appeal in a timely fashion or, alternatively, to affirm the summary dismissal of relief. The Petitioner has not responded to the State's untimeliness argument.

A notice of appeal must be "filed with the clerk of the appellate court within [thirty] days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). "An untimely notice of appeal can, and often does, result in a dismissal of the appeal." *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *3 (Tenn. Crim. App. Nov. 9, 2023), *perm. app. denied* (Tenn. May 16, 2024). However, "in all criminal cases the 'notice of appeal' document is not jurisdictional," and this court may waive the timely filing requirement when the interest of justice mandates such. Tenn. R. App. P. 4(a). Waiver is not automatic, and the appealing party bears the responsibility to demonstrate that the interest of justice merits waiver of an untimely notice of appeal. *Manning*, 2023 WL 7439203, at *3 (citations omitted). "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (citation omitted). Other relevant factors include an appellant's failure to acknowledge the late filing and either affirmatively request a waiver of the timely filing requirement or respond to the State's brief raising the untimely filing as an issue. *Manning*, 2023 WL 7439203, at *5 (citing *Rockwell*, 280 S.W.3d at 214).

The trial court's order in the present case dismissing the petition for writ of certiorari or supersedeas was filed on December 5, 2024, so the deadline, under normal rules of time computation, for the Petitioner to file a timely notice of appeal was on or before January 6, 2025. *See* Tenn. R. App. P. 4(a), 21(a). The notice of appeal document in this case, filed on March 18, 2025, was almost two and one-half months late. Nevertheless, the incarcerated Petitioner is representing himself, which triggers Rule 20(g) of the Tennessee Rules of Appellate Procedure, commonly referred to as "the prison mailbox rule." The prison mailbox rule permits documents filed by an incarcerated pro se litigant to be deemed timely "if the papers were delivered to the appropriate individual at the correctional facility

within the time fixed for filing." Tenn. R. App. P. 20(g). Where timeliness of filing is at issue, the burden of proving timely delivery is on the inmate. *Id.*

At the outset, we note that the Petitioner fails to acknowledge the late filing of the notice of appeal. He has not affirmatively requested a waiver of the timely filing requirement or responded to the State's brief raising the untimely filing as an issue. "[W]here a party does not request that particular relief be granted, we will be reluctant to intervene otherwise." *Manning*, 2023 WL 7439203, at *5 (citing Tenn. R. App. P. 13(b)).

While the Petitioner does not specifically provide any reason for the delay, we note that the Petitioner in his notice of appeal refers to the attached envelope for the date he received the "Judgment" after providing the February 22, 2025 date of "submission." Thus, he seemingly implies that the thirty-day deadline to file a notice of appeal would begin to run upon his receipt of the "Judgment." First, while the attached envelope bears a received-stamped date of January 13, 2025, there is no indication anywhere on the envelope of the contents contained therein. But most importantly, while the Petitioner insinuates that the date he received the "Judgment" begins the running of the thirty-day filing period, there is no legal basis for such assumption. *See State v. Nance*, No. E2024-01113-CCA-R3-CD, 2025 WL 354636, at *3 (Tenn. Crim. App. Jan. 31, 2025) (rejecting the defendant's argument for waiver of the timely filing of his notice of appeal where he misunderstood the applicable law and believed that he had thirty days from the date of his receipt of the trial court's order denying relief, rather than thirty days from the date of the trial court's entry of the order denying relief), *perm. app. denied* (Tenn. May 23, 2025). A "presumed misunderstanding of the law[] weighs against a waiver" of the timely filing requirement of a notice of appeal. *Rockwell*, 280 S.W.3d at 214. This court has repeatedly declined to waive the timely filing requirement of a notice of appeal where an appellant asserts a misunderstanding of the applicable law. *See Nance*, 2025 WL 354636, at *3 (citing cases).

Relevant to any potential application of the prison mailbox rule utilizing the correct dates for analysis, we note that the Petitioner states in his notice of appeal that the document was submitted on February 22, 2025. However, there is no indication therein to whom at the correctional facility the Petitioner submitted his notice of appeal, and we have no notations by anyone at the correctional facility on the document. Also, the document is not notarized. From the information provided, we cannot conclude that the Petitioner complied

- 4 -

with Rule 20(g) in any meaningful way.[1]  *See, e.g.*, *State v. Kroese*, No. M2024-01166-CCA-R3-CD, 2025 WL 1091841, at *2 (Tenn. Crim. App. Apr. 9, 2025) (determining that the defendant had not met her burden of proving timely delivery pursuant to Rule 20(g) because the only proof in the record was the defendant's own declaration of compliance), *no perm. app. filed*.

As for the nature of the double jeopardy issue presented for review, we observe that the Petitioner's requested relief on appeal, remand for a new sentencing hearing "based on a single conviction," is inconsistent with the relief requested in the trial court, reversal of his convictions and dismissal of the indictment.  The argument also had additional facets not presented to the trial court.  Regardless, the doctrine of merger provides that "under certain circumstances, two convictions or dual guilty verdicts must merge into a single conviction to avoid double jeopardy implications."  *State v. Berry*, 503 S.W.3d 360, 362 (Tenn. 2015).  For example, whereas here, a jury returns verdicts of guilt on two offenses and one of the verdicts is a lesser included offense, merger requires the lesser included offense to be merged into the greater offense.  *See id.* (citing *State v. Davis*, 466 S.W.3d 49, 77 (Tenn. 2015)).  Such merger was effectuated here.  The trial court aptly noted that the Petitioner's double jeopardy rights were protected by, rather than infringed upon by, the exact procedure of which he complains. [2]

"If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction."  *Rockwell*, 280 S.W.3d at 214.  In summary, we hold that the "interest of justice" does not weigh in favor of waiving the requirement of a timely-filed notice of appeal.  *See, e.g.*, *Nance*, 2025 WL 354636, at *2-4 (declining to waive an untimely notice of appeal when the defendant misunderstood the prison mailbox rule and the nature of the issues presented did not raise colorable claims for relief under Rule 36.1);

---

[1] We note that, even affording the Petitioner the benefit of using the dates of when he received the "Judgment" (January 13, 2025) as the starting date for the thirty-day filing period and when he "submitted" the notice of appeal document (February 22, 2025) as the day of filing, his notice of appeal was still ten days late.

[2] We note that this court has specifically concluded that the denial of a petition for a writ of certiorari does not provide a basis for an appeal as of right.  *See State v. Rickard*, No. M2025-00159-CCA-R3-CD, 2025 WL 2356197, at *2 (Tenn. Crim. App. Aug. 14, 2025) (concluding "that this court lacks jurisdiction to adjudicate the [p]etitioner's appeal" because the denial of a petition for writ of certiorari "falls outside the appellate authority conferred by Tennessee Rule of Appellate Procedure 3(b)"), *no perm. app. filed*.  However, the issue was not briefed by the parties, *see State v. Bristol*, 654 S.W.3d 917, 928 (Tenn. 2022), and resolution of this issue is unnecessary for the purposes of our dismissal based upon the Petitioner's untimely filing of the notice of appeal.

*State v. Cooke*, No. M2019-01164-CCA-R3-CD, 2020 WL 3606451, at *2 (Tenn. Crim. App. July 2, 2020) (declining to waive an untimely notice of appeal, in part, when the defendant failed to respond to the State's argument that the motion for new trial and notice of appeal were untimely). For these reasons, the appeal is dismissed.


 s/Kyle A. Hixson
KYLE A. HIXSON, JUDGE